IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY OWEN SHERRICK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:23-CV-1956-G-BH |
| ) | |
| PUBLIC STORAGE et al., ) | |
| ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form)*, filed August 31, 2023 (doc. 4), should be **DENIED**, and the case should be dismissed for failure to prosecute or comply with court orders.

### I.  BACKGROUND

On August 31, 2023, the plaintiff filed this action arising from his dispute with a storage facility, and he sought leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.)  By *Order* dated September 4, 2023, he was notified that his IFP application reflected enough assets with which to pay the filing fee, and he was ordered to pay it within fourteen days.  (*See* doc. 6.)  The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed IFP be denied, and that the case be dismissed.  *Id.*

More than fourteen days from the date of the order have passed, but the plaintiff has not paid the filing fee or since filed anything else in this case.

### II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

The plaintiff's application shows that he currently has a total of $2300 in his bank account and pay card account. He has not shown that he will suffer undue financial hardship after payment of the $402.00[2] filing fee, and his IFP motion should be denied.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with an order to pay the filing fee. He has not filed anything else in the case since the order was issued. The order specifically warned that failure to pay the filing fee would result in a recommendation that leave to proceed IFP be denied, and that the case be dismissed. Because the plaintiff failed to follow court orders or otherwise show that he intends to proceed with this case, it should be dismissed.

---

[2] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.

## IV.  RECOMMENDATION

The plaintiff's IFP motion should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless he pays the filing fee within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED** on this 21st day of September, 2023.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE